**Barrington REID, Petitioner–Appellant,**

v.

**Richard EARLY, Warden, Respondent–Appellee.**

No. 02–56131.

D.C. No. CV–01–06164–ABC.

United States Court of Appeals, Ninth Circuit.

Submitted April 7, 2003.*

Decided April 17, 2003.

Before BROWNING, RYMER and KLEINFELD, Circuit Judges.

### MEMORANDUM**

California state prisoner Barrington Reid appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a). Reviewing de novo, *Alvarado v. Hill,* 252 F.3d 1066, 1068 (9th Cir.2001), we vacate and remand.[1]

Denying Reid's petition as procedurally defaulted, the district court found that the California Supreme Court's citation to *In re Clark,* 5 Cal.4th 750, 21 Cal.Rptr.2d 509, 855 P.2d 729 (1993), invoked California's untimeliness bar. However, given the nature of Reid's state court proceedings, it is unclear whether the *Clark* citation in this case was a reference to untimeliness or a reference to California's rule against piecemeal presentation of claims and repetitious habeas petitions. *Compare Clark,* 21 Cal. Rptr.2d 509, 855 P.2d at 750 ("[A] habeas corpus petitioner who had knowledge that grounds for a habeas corpus petition existed was on notice that any substantial delay in filing a petition after the grounds became known had to be justified."), *with id.* at 740 ("[T]he court will not consider repeated applications for habeas corpus presenting claims previously rejected .... [or] newly presented grounds for relief which were known to the petitioner at the time of a prior collateral attack on the judgment.").

Therefore, we vacate and remand for the district court to reconsider whether the California Supreme Court's decision invoked a state procedural ground that is sufficiently independent and adequate to prevent federal habeas review. *See Bennett v. Mueller,* 322 F.3d 573, 583–86 (9th Cir.2003) (remanding for consideration of whether California's timeliness rule is "adequate"); *Morales v. Calderon,* 85 F.3d 1387, 1392 (9th Cir.1996) ("[A] procedural default based on an ambiguous order that does not clearly rest on independent and adequate state grounds is not sufficient to preclude federal collateral review."); *Siripongs v. Calderon,* 35 F.3d 1308, 1318 (9th Cir.1994) (concluding that before *Clark,* California's successive petition rules were not adequate and independent).

**VACATED AND REMANDED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Appellant's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. All pending motions are denied.